UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DALLAS BOWMAN, <br> THOMAS DAVIES, FRED FURLANO, SR., <br> CODY HECKLER, individually and <br> on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> INGERSOLL-RAND INDUSTRIAL <br> U.S., INC., d/b/a INGERSOLL-RAND <br> Defendant. | Civil Action No. 3:24-cv-285 |

**COMPLAINT WITH JURY DEMAND**

1. Plaintiffs bring this action against Defendant Ingersoll-Rand Industrial U.S., Inc. ("Defendant" or "IRCO") for failure to pay Plaintiffs the wages they are due for all hours worked and the overtime premium for all hours worked in excess of forty in a work week. IRCO technicians are not exempt from the provisions of the Fair Labor Standards Act ("FLSA"), or state wage laws. Plaintiffs allege that IRCO has willfully engaged in a pattern of unlawful conduct by failing to record, credit, or compensate them and other IRCO technicians for all time IRCO requires or permits them to perform work.

2. IRCO's practices are in direct violation of FLSA, 29 U.S.C. §§ 201, *et seq.*, and the wage and hour laws of states where IRCO employs technicians, including Indiana, where it employs the Plaintiffs. Plaintiffs seek all available relief for themselves under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Indiana Wage Payment Statute, Ind. Code § 22-5-2-1, *et seq.*, and Indiana common law.

3. At all relevant times, IRCO has engaged, and continues to engage in a willful policy, pattern, or practice of requiring or permitting its technicians, including the Plaintiffs, to perform work for the benefit of IRCO, and which is required or permitted by IRCO, but for which IRCO does not record, or credit the time or compensate the technicians. This practice is referred to as requiring employees to work "off-the-clock."

4. At all relevant times, the "off-the-clock" work performed for labor or services rendered was and continues to be required by IRCO for the benefit of IRCO, is directly related to such employees' principal employment with IRCO and is an integral and indispensable part of those employees' employment with IRCO.

5. IRCO's practice of requiring or permitting its hourly non-exempt employees to work off-the-clock also violates Indiana's Wage Payment Statute because IRCO requires Plaintiffs to perform work that is unpaid.

6. IRCO's practice of requiring or permitting its hourly non-exempt employees to work off-the-clock violates the FLSA because technicians perform work that is unpaid and/or performed work in excess of statutorily prescribed daily or weekly limits without receiving compensation at one and one-half times the regular hourly rate.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Plaintiff Dallas Bowman is a resident of LaCrosse, Indiana.

11. Plaintiff Thomas Davies is a resident of Downers Grove, Illinois.

12. Plaintiff Cody Heckler is a resident of Hebron, Indiana.

13. Plaintiff Fred Furlano is a resident of Winamac, Indiana.

14. Defendant Ingersoll-Rand Industrial U.S., Inc., is a foreign for-profit company that does business within the territorial jurisdiction of this court.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

15. Named Plaintiffs bring their federal claims for missed overtime and minimum wage payments on behalf of similarly situated individuals as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

16. Named Plaintiffs bring their claims for lost wages on behalf of similarly situated individuals as a class action pursuant to the Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure.

17. The claims under the FLSA may be pursued by those who opt in to this case pursuant to 29 U.S.C. § 216(b). The claims under Indiana law may be pursued on behalf of all similarly situated persons who are appropriate members of a Class certified under Rule 23 of the Federal Rules of Civil Procedure.

18. The FLSA Collective Action Class includes all individuals who (1) worked or are working as service technicians, field service technicians, or senior field service technicians, in Indiana for the Defendants during the last three years prior to the filing of this action and through the final disposition of this action, and (2) were engaged to be paid at an hourly rate, and (3) who opt in to the Class.

19. The Indiana Wage Payment Class includes all individuals who (1) worked or are working as technicians, field service technicians, or senior field service technicians, for Defendant IRCO in Indiana during the two years prior to the filing of the action and through the final disposition of this action, and (2) are owed unpaid wages for hours they worked in Defendant's employ; and (3) are employed or voluntarily left Defendant's employ.

## **ALLEGATIONS APPLICABLE TO BOTH CLASSES**

20. The individuals in the Classes are so numerous that joinder of all members is impracticable. Although the precise number of such individuals is currently unknown, Plaintiffs believe that the number of individuals who have been employed by Defendants as technicians in Indiana during the relevant period exceeds 60.

21. Plaintiffs will fairly and adequately protect the interests of the Classes and have retained counsel who are experienced and competent in class action and employment litigation. Plaintiffs have no interests that are contrary to, or in conflict with, members of the Classes.

22. A class action/collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes individually to seek redress for the wrongs done to them.

23. Absent the collective/class litigation, members of the Classes likely will not obtain redress for their injuries, and Defendant will retain the proceeds of their violations of the FLSA and Indiana law.

24. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

25. Counsel is unaware after inquiry of any pending litigation involving these issues with Defendant.

**ALLEGATIONS SPECIFIC TO THE COLLECTIVE ACTION CLASS**

26. Plaintiffs seek to prosecute the FLSA claims as a collective action on behalf of:

    All persons during the applicable class period who (1) work or worked as service technicians, field service technicians, and senior field service technicians for the Defendant in Indiana; (2) were engaged to be paid at an hourly rate; and (3) who choose to opt in to this action.

27. In addition to the common issues of fact, described above, the Collective Action Class has numerous common issues of fact and law, including whether Defendants: (1) violated the FLSA and provisions thereof; and (2) thereby damaged the Collective Action Class, and if so, the measure of damages.

28. Notice of the pendency and any resolution of this action can be provided to Collective Action Members by mail, print, and/or publication.

**ALLEGATIONS SPECIFIC TO THE CLASS ACTION CLASS**

29. Plaintiffs seek to certify a class under Rule 23 of the Federal Rules of Civil Procedure.

30. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following persons similarly situated:

    All persons during the applicable class period who (1) work or worked as service technicians, field service technicians, and senior field service technicians for Defendant IRCO, and (2) were engaged to be paid at an hourly rate, and (3) are currently employed by Defendant or voluntarily left the Defendant's employ; and (4) were not paid for hours they worked for Defendant.

31. The questions of law and fact common to the Wage Payment Class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

    a. Whether Defendant employed the members of the Class; and

    b. Whether Defendant owe wages to members of the Class.

32. The Named Plaintiffs' claims are typical of the claims of the class in that all Plaintiffs were denied wages they were owed by Defendants.

## FACTS

33. The following allegations take place within the relevant limitations period and are based on personal knowledge as to Named Plaintiffs' own conduct and are made on information and belief as to the acts of others.

34. During all relevant times Defendant employed Plaintiffs within the meaning of the FLSA and the Indiana Wage Payment Statute.

### Plaintiff Dallas Bowman

35. From June 11, 2012, to August 2022, when he voluntarily left the Defendant's employ, Dallas Bowman was employed by the Defendant as a field service technician.

36. At the time of his departure, Bowman was paid the rate of $34.80 per hour and was paid at this rate for nearly four years.

37. For at least three years prior to his departure, Bowman worked an average of 45 hours per week during the weeks he worked a full week.

38. However, Bowman, was not paid for five hours per week that he worked for the employer.

39. Despite Bowman not being paid for these five hours, the Defendant's customer was billed for Bowman's time during these hours.

40. Throughout his employ, Bowman was regularly required perform work that was not compensated in the form of preparing equipment for the work day, conversing with customers, and updating the Defendant while away from work. He did not receive pay for this work nor did he receive the required overtime premium for the hours he worked in excess of 40 hours per week.

**Plaintiff Thomas Davies**

41. From May 2006, until he voluntarily resigned in August 2022, Thomas Davies was employed by the Defendant as a field service technician.

42. Davies was paid the rate of $32 per hour and had been paid at this rate for nearly four years.

43. For at least the three years prior to August 2022, Davies worked an average of 45 hours per week during the weeks he worked a full week.

44. However, Davies, was not paid for five hours per week that he works for the employer.

45. Despite Davies not being paid for these five hours, the Defendant's customer was billed for Davies's time during these hours.

46. Throughout his employ, Davies was regularly required perform work that was not compensated in the form of preparing equipment for the work day, conversing with customers, and updating the Defendant while away from work. He did not receive pay for this work nor did he receive the required overtime premium for the hours he worked in excess of 40 hours per week.

**Plaintiff Freddie Furlano**

47. Freddie Furlano was employed by the Defendant as a field service technician.

48. Furlano began working at the Defendant's Goshen facility in October 2020 after returning to Indiana from Colorado, where he also worked for the Defendant.

49. Furlano is currently paid the rate of $29.26 per hour and has been paid at this rate for nearly three years.

50. For at least the past three years prior to his decision to join a strike against Defendant on or about September 14, 2022, Furlano worked an average of 43.5 hours per week on the clock during the weeks he worked a full week.

51. However, Furlano, was not paid for fourteen hours per week that he worked for the employer.

52. Despite Furlano not being paid for these fourteen hours, the Defendant's customer was billed for Furlano's time during these hours.

53. Throughout his employ, Furlano was regularly required perform work that was not compensated in the form of preparing equipment for the work day, conversing with customers, and updating the Defendant while away from work. He did not receive pay for this work nor did he receive the required overtime premium for the hours he worked in excess of 40 hours per week.

**Plaintiff Cody Heckler**

54. From September 2019, to April 2022, Cody Heckler was employed by the Defendant as a field service technician.

55. At the time of his departure, Heckler was paid the rate of $26.37 per hour and was paid at this rate for nearly four years.

56. For at least the past three years prior to his departure, Heckler worked an average of 45 hours per week during the weeks he worked a full week.

57. However, Heckler, was not paid for the additional five hours per week that he worked for the employer.

58. Despite Heckler not being paid for these five hours, the Defendant's customer was billed for Heckler's time during these hours.

59. Throughout his employ, Heckler was regularly required perform work that was not compensated in the form of preparing equipment for the work day, conversing with customers, and updating the Defendant while away from work. He did not receive pay for this work nor did he receive the required overtime premium for the hours he worked in excess of 40 hours per week.

## COUNT I - FAIR LABOR STANDARDS ACT

60. All previous paragraphs are incorporated as though fully set forth herein.

61. By failing to compensate Named Plaintiffs and Class Plaintiffs at the applicable minimum wage for each hour they worked in each work week, Defendant has violated the FLSA, 29 U.S.C. § 206(b).

62. By failing to compensate Named Plaintiffs and Class Plaintiffs at a rate not less than one and one half times their regular rate of pay for each hour worked in each work week in excess of 40 hours, Defendant has violated the FLSA, 29 U.S.C. § 207(a).

63. Defendant's acts were willful.

64. For such violations of the FLSA, the Plaintiffs are entitled to their unpaid minimum wages, unpaid overtime pay, equal amounts in liquidated damages, attorneys fees and costs.

## COUNT II - INDIANA WAGE PAYMENT STATUTE

65. All previous paragraphs are incorporated as though fully set forth herein.

66. By failing to compensate those Named Plaintiffs and Class Plaintiffs who are currently employed by Defendant or who voluntarily left their employ for their hours worked within ten (10) days they became due, Defendant is liable to Plaintiffs under Indiana's Wage Payment Statute, Ind. Code § 22-5-2-1, *et seq.*

67. For such violation of the Wage Payment Statute, Defendant is liable to Plaintiffs for their unpaid wages, liquidated damages in the amount double their unpaid wages, and attorneys fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

A. Monetary damages in the amount of all the wages and overtime pay that Defendant failed to pay Plaintiffs in violation of the FLSA and the Indiana Wage Payment Statute;

B. Liquidated damages and monetary penalties to the fullest extent permitted under federal and state law;

C. Litigation costs, expenses, and attorney's fees; and

D. Injunctive relief under Indiana law tailored to protect future employees of Defendant by establishing wage and hour reporting systems that are reliable and regularly monitored by a neutral third party.

E. All other relief the Court deems just and proper.

        Respectfully submitted,

        **MACEY SWANSON LLP**


        /s/ Jeffrey A. Macey
        Jeffrey A. Macey, Atty No. 28378-49

MACEY SWANSON LLP
429 North Pennsylvania Street
Suite 204
Indianapolis, Indiana 46204-1800
Phone: (317) 637-2345
Fax: (317) 637-2369
E-mail: jmacey@maceylaw.com

## JURY DEMAND

Now comes the Plaintiffs, by counsel, and demand that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

**MACEY SWANSON LLP**

/s/ Jeffrey A. Macey
Jeffrey A. Macey, Atty. No. 28378-49
Attorney for Plaintiffs

MACEY SWANSON LLP
429 North Pennsylvania Street
Suite 204
Indianapolis, Indiana 46204-1800
Phone: (317) 637-2345
Fax: (317) 637-2369
E-mail: jmacey@maceylaw.com